Milligan, J.,
delivered the opinion of the Court,
The questions presented in this record, arise on the pleadings. The complainant, Witt, filed his bill' in the Chancery Court at Dandridge, in August, 1859, and before answer or plea was filed, the parties, in September following, submitted the matters in controversy to arbitration. A submission bond was regularly executed, but without containing any provision that the award should be made the basis of the Chancellor’s decree. The *40 arbitrators met, and in conformity to the stipulations of the bond, made their award, which was afterwards, December 1859, returned into Court, and made the decree of the Court, and the bill dismissed. But on the special affidavit of the complainant, leave was given him to file an amended and supplemental bill, which, on demurrer, was also dismissed, and the- decree confirming the award, which had been suspended, revived and affirmed. From which the complainant appealed in error to this Court. The cause was remanded, with leave to the defendants to plead, answer, or demur. On the 9th of January, 1861, the defendants filed their plea, setting up the award of the arbitrators as a discontinuance or voluntary withdrawal of the cause from the Court. On the same day, they filed an answer, in support of the plea. To the plea and answer, the complainant demurred, and set down, among other things not material to notice, as causes of demurrer,
1st. That the plea of the defendant was overruled by the answer.
2d. That it stands as, and is, in fact, a plea in abatement; and as such, comes too late.
The Chancellor disallowed the demurrer and dismissed the bill, and there is an appeal to this Court.
The plea in abatement, as it is called, is not technically so. Judge Story, in his Commentaries on Equity Pleading, 354, says: “Abatement, in the sense of the common law, is an'entire overthrow or destruction of the suit, so that it is quashed and ended. But in the sense of the Courts of equity, an abatement signifies only a suspension of all proceedings in the suit, from the want of parties capable of proceeding therein. At common law, *41 a suit, when abated, is absolutely dead; but in equity, a suit, when abated, is' merely in a state of suspended animation, and may be revived.”
This is a plea more properly in the nature of a plea in bar, and goes to the life of the bill. If sustained in every particular, it is a complete bar to the suit, and no answer is required to aid it. The answer covers the same ground that is covered by the plea, and is substantially in the same language. They cannot both stand together. The plea must give way, because it is a plea, only, why the defendant should not answer; and, therefore, if he does answer to anything to which he may plead, he overrules his plea, for the plea is only why he should not answer; and if he answers, he waives the objection, and, of course, his plea: — Story's Equity Pleading, 688.
The Chancellor, we think, erred in overruling the demurrer on the first cause shown. But under the provisions of section 4318 of the Code, a plea was wholly unnecessary, as the same advantage could have been taken of the award by answer as by plea. The language of the Code is: “The defendant may incorporate all matters of defense in his answer, and is not required to plead specially in any case, except to the jurisdiction of the Court.”
The second cause of demurrer, we do not think well taken. Pleas in abatement and bar, as a rule of law, are to be strictly construed; but in the case of Bank vs. Berry, 8 Hum., 590, we think the principle which covers this part of the case, is settled. There, as in this cause, the objection was taken to the time of filing the plea. The appeal appears to have been taken to *42 this Court at the June Term of the Chancery Court at Dandridge, 1860, and the cause was remanded from the September Term of this Court, the same year. At the December Term of the Chancery Court, following, two months were given defendant to answer or plead. The plea was filed within the time allowed by the Court— on the 9th of January, 1861. From the date of the appeal to the time it was remanded, the cause was not in the • Chancery Court, and we think there was no unnecessary delay in filing the plea.
But, notwithstanding the error of the Chancellor, we do not feel authorized to reverse his decree. It is merely technical, and does not go to the merits of the cause. The 4516th section of the Code is as follows: “No judgment, decision, or decree, of the inferior Courts, shall be reversed in the Supreme Court, unless for errors which affect the merits of the judgment, decision, or decree, complained of.”
We, therefore, affirm the Chancellor’s decree.